PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE _NORTHERN_ DISTRICT OF TEXAS
### _ABILENE_ DIVISION

Toby Kristopher Payne #1720023
Plaintiff's Name and ID Number

Robertson Unit - T.D.C.J. - C.I.D
Place of Confinement

**1-18CV-208  C**

CASE NO._____
(Clerk will assign the number)

v.

Brian Collier, Huntsville, Texas
Defendant's Name and Address

FNU LNU (Regional Director), (Unknown address)
Defendant's Name and Address

Lori Davis, Huntsville, Texas
Defendant's Name and Address
( DO NOT USE "ET AL.")

_____

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.   To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.   Your complaint must be legibly  handwritten, in ink, or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACKSIDE OF ANY PAGE.**  ATTACH AN ADDITIONAL BLANK  PAGE AND  WRITE ON IT.

3.   You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.   When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) , the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis.)*

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B.  If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit: March 13, 2014

        2.  Parties to previous lawsuit:
            Plaintiff(s) Toby Kristopher Payne
            Defendant(s) State of Texas

        3.  Court: (If federal, name the district; if state, name the county.) 429th Dist., Collin Co., Texas

        4.  Cause number: 4/429-81295-09-HC/w/A-81, 275-01 CCA of Texas

        5.  Name of judge to whom case was assigned: Unknown

        6.  Disposition: (Was the case dismissed, appealed, still pending?) Denied w/o written order

        7.  Approximate date of disposition: May 14th, 2014

Rev. 05/15

I. Previous Lawsuits Con't:

C. (1) 7/11/2014, (2) Plaintiff, Toby K. Payne - Defendant, Director, TDCJ-CIO, (3) U.S Dist. Court, E.D. of Texas, Sherman Div., (4) 4:14-cv-469, (5) Hon. Judge Amos L. Mazzant, (6) Dismissed, Appealed, (7) 3/31/2015

D. (1) 7/28/2014, (2) Plaintiff-Toby K. Payne, Defendant-Director-TDCJ-CID, (3) U.S. Dist. Court, N.D. of Texas, Amarillo Div., (4) 2:14-cv-0166, (5) Hon. Judge Mary Lou Robinson, (6) Dismissed, Appealed, (7) 8/7/2014

E. (1) 10/31/2017, (2) Plaintiff-Toby K. Payne, Defendants-James Sutterfield et al., (3) U.S. Dist Court, N.D. of Texas, Amarillo Div., (4) 2:17-CV-00211-0-BR, (5) Hon. Magistrate Judge Lee Ann Reno, (6) Pending, (7) n/a

F. (1) 2/16/2018, (2) Plaintiff-Toby K. Payne, Defendants-Stephen Sperry et al., (3) U.S. Dist Court, N.D. of Texas, Abilene Div., (4) 1:18-cv-00027-BL, (5) Hon. Magistrate Judge E. Scott Frost, (6) Pending, (7) n/a

G. (1) 4/9/2018, (2) Plaintiff-Toby K. Payne, Defendants-Michael D. Dewitt et al., (3) U.S. Dist. Court, N.D. of Texas, Abilene Div., (4) 1:18-CV-00048-BL, (5) Hon. Magistrate Judge E. Scott Frost, (6) Pending, (7) n/a

H. (1) 4/27/2018, (2) Plaintiff-Toby K. Payne, Defendants- Scott Appleton et al., (3) U.S. Dist Court, N.D. of Texas, Abilene Div., (4) 1:18-cv-00063-BL, (5) Hon. Magistrate Judge E. Scott Frost, (6) Pending, (7) n/a

I. (1) 4/27/2018, (2) Plaintiff-Toby K. Payne, Defendants-James Sutterfield et al., (3) U.S. Dist. Court, N.D. of Texas, Amarillo Div., (4) 2:18-CV-00084-0-BR, (5) Hon. Magistrate Judge Lee Ann Reno, (6) Pending, (7) n/a

J. (1) 10/30/2018, (2) Plaintiff-Toby K. Payne, Defendants-FNU Almanza, et al., (3) U.S. Dist. Court, N.D. of Texas, Abilene Div., (4) 1:18-cv-00175-BL, (5) Hon. Magistrate Judge E. Scott Frost, (6) Pending, (7) n/a

II. PLACE OF PRESENT CONFINEMENT: French III, Robertson Unit, TDCJ-CID

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? __✓__ YES __✓__ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Toby Kristopher Payne #1720023, Robertson Unit, 12071 F.M. 3522, Abilene, TX 79601

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Brian Collier, Executive Director-TDCJ, P.O. Box 13084, Austin, TX 78711-3084, Phone (512) 463-9988, FAX (512) 936-2169

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Retaliation for using the court system

Defendant #2: Lori Davis, Director-TDCJ-CID, P.O. Box 99, Huntsville, TX 77342-0099, Phone (936) 437-2169, FAX (936) 437-6325

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Retaliation for using the court system

Defendant #3: FNU LNU, Regional Director(s), TDCJ-CID, address unknown

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

Retaliation for using the court system

Defendant #4: Stephen Steven A. Sperry, Senior Warden, TDCJ-CID, Robertson Unit, 12071 F.M. 3522, Abilene, TX 79601, Phone (325) 548-9035

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Retaliation for using the court system

Defendant #5: Monte A. Griffin, Asst. Warden, TDCJ-CID, Robertson Unit, 12071 F.M. 3522, Abilene, TX 79601, Phone (325) 548-9035

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Retaliation for using the court system

4

Rev. 05/15

Defendant #6: Jimmy S. Webb, Asst. Warden, TDCJ-CID, Current address unknown. Defendant Webb has since been promoted to Sr. Warden at another unit.

- Retaliation for using the card system

Defendant #7: FNU Cano, Asst. Warden, TDCJ-CID, Robertson Unit, 12071 F.M. 3522, Abilene, TX 79601

- Retaliation for using the cart system

Defendant #8: FNU Almanza, Major, TDCJ-CID, Current address unknown. Defendant Almanza has since been promoted to Asst. Warden at another unit.

- Retaliation for using the cart system

Defendant #9: FNU Boyer, Major, TDCJ-CID, Robertson Unit, 12071 F.M. 3522, Abilene, TX 79601

- Retaliation for using the cart system

Defendant #10: Alan W. Merchant, Captain, TDCJ-CID, Robertson Unit, 12071 F.M. 3522, Abilene, TX 79601

- Retaliation for using the cart system

Defendant #11: M. Gonzales, C.O., TDCJ-CID, Robertson Unit, 12071 F.M. 3522, Abilene, TX 79601

- Retaliation for using the cart system

Defendant #12: N. Rangel, C.O., TDCJ-CID, Robertson Unit, 12071 F.M. 3522, Abilene, TX 79601

- Retaliation for using the cart system

Defendant #13: John Johnson, Lt., TDCJ-CID, Robertson Unit, 12071 F.M. 3522, Abilene, TX 79601

- Retaliation for using the cart system

Defendant #14: B. Barnett, Step 2 Signature Authority, TDCJ-CID, address unknown

Back ▶

Defendant #14 (Con't):
- Retaliation for using the cart system

Defendant #15: P. Orrell, C.O., TDCJ-CIO, Robertson Unit, 12071 FM. 3522, Abilene, TX
- Retaliation for using the cart system

Defendant #16: M. Vasquez, C.O., TDCJ-CIO, Robertson Unit, 12071 F.M. 3522, Abilene, TX
- Retaliation for using the cart system

Defendant #17: Jessie Singh, Psychiatrist, TDCJ-CIO/TTUHSC-CMHC, Robertson Unit, 12071 F.M. 3522, Abilene, TX 79601
- Retaliation for using the cart system

Defendant #18: FNU Garcia, C.O. (Front desk officer for 7 bldg. on 12/10/2018) TDCJ-CIO, Robertson Unit, 12071 F.M. 3522, Abilene, TX 79601
- Retaliation for using the cart system

Defendant #19: James Sutterfield, Mental Health Manager, TDCJ-CIO/TTUHSC-CMHC, Clements Unit, 9601 Spur 591, Amarillo, TX 79107
- Retaliation for using the cart system

Defendant #20: Jason M. Hardegree, Major, TDCJ-CIO, Clements Unit, 9601 Spur 591, Amarillo, TX 79107
- Retaliation for using the cart system

Defendant #21: FNU Garcia, Psychiatrist (CMI), TDCJ-CIO/TTUHSC-CMHC, Clements Unit, 9601 Spur 591, Amarillo, TX 79107
- Retaliation for using the cart system

Defendant #22: FNU Nguyen, Psychiatrist (CMI), TDCJ-CIO/TTUHSC-CMHC, Clements Unit, 9601 Spur 591, Amarillo, TX 79107
- Retaliation for using the cart system

Defendant #23: Damon B. Andrews, Asst. Warden, TDCJ-CID, Clements Unit, 9601 Spur 591, Amarillo, TX 79107
   - Retaliation for using the court system

Defendant #24: Darrell K. Nash, Asst. Warden, TDCJ-CID, Clements Unit, 9601 Spur 591, Amarillo, TX 79107
   - Retaliation for using the court system

Defendant #25: Kevin D. Foley, Sr. Warden, TDCJ-CID, Clements Unit, 9601 Spur 591, Amarillo, TX 79107
   - Retaliation for using the court system

Defendant #26: Toni Deer, P.A., TDCJ-CID/TTUHSC-CMHC, Robertson Unit, 12071 F.M. 3522, Abilene, TX 79601
   - Retaliation for using the court system

~~Defendant #27:~~

6(a)

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

This is a claim that my right to be free from retaliation for using the court system was violated under the Privileges and Immunities clause of Article IV of the U.S. Constitution, the First Amendment Petition Clause of the U.S. Constitution, the Fifth Amendment Due Process Clause of the U.S. Constitution, and the Fourteenth Amendment Equal Protection and Due Process Clauses of the U.S. Constitution, by the defendants listed in this complaint. These violations also inherently violated my statutory civil rights under the Americans With Disabilities Act, Rehabilitation Act, and, at certain times, the Religious Land Use and Institutionalized (Con't on Pgs 8-18) front and back

VI.    RELIEF:

State briefly exactly what you want the court to do for you.    Make no legal arguments.  Cite no cases or statutes.

Preliminary injunction (stated at end of claim(s)), Declatory and/or Mandatory injunction, Award for damages accordingly, Award for attorney fees

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Toby Kristopher Payne

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

172C023

VIII.    SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES  ✓NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division): _____

2.  Case number: _____

3.  Approximate date sanctions were imposed: _____

4.  Have the sanctions been lifted or otherwise satisfied?                    ____YES ____NO

7

● Persons Act. Which also violated my U.S. Constitutional right to freedom of religion. Lastly, my right to be free from Cruel & Unusual Punishment was violated.

Each of the defendants are being sued in their individual and official capacity in this complaint.

<u>Notice</u> of <u>related</u> pending federal lawsuits is as follows:

(1) Payne v. Sutterfield, et al., No. 2:17-CV-00211-D-BR, Amarillo Div.

(2) Payne v. Sutterfield, et al., No. 2:18-CV-0084-D-BR, Amarillo Div.

(3) Payne v. Sperry, et al., No. 1:18-CV-00027-BL, Abilene Div.

(4) Payne v. Dewitt, et al., No. 1:18-CV-00048-BL, Abilene Div.

(5) Payne v. Appleton, et al., No. 1:18-CV-0063-BL, Abilene Div.

(6) Payne v. Almanza, et al., No. 1:18-CV-00175-BL, Abilene Div.


● In the fall of 2014, when I was assigned to the Neal Unit, I attempted suicide and was put on suicide watch. I was transferred to the psychiatric ward at the Montford Unit and admitted as an inpatient. I remained at Montford for about one year. While there, I noticed that were no Offender Telephone System ("OTS") phones installed anywhere in the psych. wards. I had been using the OTS at the Neal Unit. I researched the issue and discovered that the TDCJ's OTS policy was that inpatient psychiatric offenders "shall" have access to the OTS. I asked around and found out that the trustee camp and medical hospital areas at Montford had OTS phones and that they were not available to psych. patients. I also discovered that OTS phones were available to mental health patients at the psychiatric units Jester 4 and Skyview. I filed a ● Step 1 & 2 grievance on this issue to no avail. So I then filed a complaint with the Office for Civil Rights, Office of Justice Programs at the U.S. Department of Justice.   ⑧

After I was at the Montford Unit for about one year, I was seen by psychiatrist, Dr. McDonald. He suggested that I voluntarily admit myself into a psychiatric treatment program at the Clements Unit named Chronic Mentally Ill ("CMI"). I did and was transferred there. The program is in the Clements Unit's 12 bldg. (12 bldg. at all TDCJ units of this type were entirely outfitted with single occupancy cells designed for offenders in prehearing Detention and/or administrative segregation.) After a few days there, I quickly learned that I had been duped into this program because officers and mental health staff explained to me that I was being "treated" as if I were an ad-seg offender, which felt a lot like solitary confinement to me. I was housed this way despite the fact that I had done nothing more than attempted suicide one year earlier, and that I was officially classified as General Population Level 2 (G2)/State Approved Trustee 3 (S3).

I was confined in my cell, here in the CMI program, for virtually 24 hours a day for approximately 20 months. During that time I personally experienced numerous violations of my civil rights and witnessed civil rights violations of other offenders. My complaint with the U.S. Department of Justice was still active and I routinely provided them with reports of these violations. Towards the end of my time here, I was suddenly seen by psychiatrist, Dr. Nguyen, and she told me, to my absolute surprise, that I was being discharged. I verbally objected and was ignored. I also wrote a letter to the CMI staff stating my objection to being discharged but was still involuntarily discharged from the CMI program. I believe this was done as a direct result to my complaint to the U.S. Dept of Justice and all the grievances that I filed while there because I admonished

⑨

Officials in those grievances that they were under investigation by the U.S.D.O.J. and that I planned to file a federal lawsuit. I also had observed that other offenders in the CMI program who were discharged, and already classified as G2, were still assigned to the Clements Unit and based in 4 bldg. 4 bldg. was commonly known as the "psych" building. Why was this not done for me?

When I learned that I had been assigned to the Robertson Unit, I was naturally angry and extremely apprehensive because I was beginning to realize that efforts were being made to retaliate against me. I was reluctantly thrust from an ad-seg, solitary environment directly into general population and was in physical shock. My mental illness made me very susceptible to being provoked by staff into fits of anger and verbal outbursts. This caused an officer to retaliate against me by lieing in a disciplinary action saying that I threatened him. I was reduced to G4 even though I had never recieved a case for threatening an officer or had never before been reduced below G2.

I have recieved, more disciplinary actions during my time at the Robertson Unit (since July 2017) than I had prior to arriving here for the entire time of my incarceration (since July 2011) in the TDCJ. I have experienced numerous violations of my civil rights here, So many, in fact, that I cannot possibly document them all. I have also witnessed civil rights violations of other offenders and have "counseled" them to the best of my ability. A few of the recent major case disciplinary actions were heard by a named defendant in one of my lawsuits, Capt. Merchant, despite the fact that he

(10)

knew he was a defendant. Virtually all of the disciplinary actions that I have recieved here can be proven to be frivilous and/or bogus in nature. I fully believe that it is a policy or custom of this unit's administration, acting on directives from officials in Huntsville and Austin, to purposely and systematically opress the inmate population with a quota system for disciplinary actions. This is because G3, G4, G5 and ad-seg offenders require more staff and the neccissity of more staff requires more funding that TDCJ officials can justify requesting from the Texas government and the Federal government. This policy or custom results in me being corralled in the direction of the defendants who can covertly retaliate against me. All of the defendants know that by the time the answer to the Step 1 or Step 2 appeal come back, and the case is either overturned or not, I will have already completed the punishments imposed. It is for that very reason that most offenders never even begin the process of writing a Step 1 appeal. Nevermind filing a federal lawsuit.

Just today (12/10/2018), I recieved yet another frivilous/bogus disciplinary action for standing in line trying to get my psych meds. The front desk officer was telling me to go eat lunch first when I was the only offender in line and another offender was at the pill window getting his meds. The officer did this just to be able to assert that he gave me a direct order and I disobeyed it.

I assert that these covert retaliatory efforts are directly related to the above mentioned pending lawsuits. These covert retaliatory efforts are also related to my complaint with the U.S.D.O.J. because I was discharged from the CMI program

(11)

with the defendants knowing that the complaint would become moot as a result and it did become moot. The U.S.D.O.J. no longer had jurisdiction. These retaliatory efforts have exacerbated my already fragile mental state. I attempted suicide again during the summer of this year. I have succumbed to routine drug use by smoking large amounts of K2 (Spice) that somehow make it into this unit in very large quantities. These amounts cannot possibly be being smuggled in by offender's family members. This very statement alone, being made public on the record, is placing my personal safety at risk due to ~~that~~ the fact that there are many gang organizations involved in this venture.

The mental health staff here is totally unable to provide me with acute therapy. Presently, I am being told that I can only be seen about once every 30 days and to refrain from putting in any requests in the mean time unless I seriously need it. I am constantly fighting off suicidal thoughts every day. My constant sources of hope are a handful of family members. But I keep being cut off from talking with them on the phone because of all of these cases. Recently when I have used the phone, I have had to sneak out of my cell during dayroom hours. I feel as if I am hanging on by a mental thread. I wish to be free from these retaliatory efforts while these lawsuits are pending.

I attempted to file a Step 1 asserting retaliation and it was returned not processed stating that it was redundant to a previous grievance I filed one week prior for Dr. Singh discontinuing my medications. I reasserted in a Step 2 that the retaliation claim presents a seperate legal argument and never recieved a response. I fear that these

documents have disappeared.

I am requesting that my motion for transfer in Payne v. Almanza also be considered in this action.

I am demanding a jury trial on all issues in this action

I am also requesting appointment of counsel in this action. Also, See attached documents.

Respectfully submitted,

Toby K. Payne #1720023
Plaintiff, Pro se

C. Has any court ever warned or notified you that sanctions could be imposed? _____ YES ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1.  Court that issued warning (if federal, give the district and division): _____

    2.  Case number: _____

    3.  Approximate date warning was issued: _____

Executed on: _12/12/2018_
          DATE

_Toby K. Payne #1720023_
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _12th_ day of _December_, 20 _18_.
        (Day)           (month)        (year)

_Toby K. Payne #1720023_
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

14

12/12/2018

RECEIVED

DEC 1 9 2018

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Dear Clerk of the Court:

Please docket the enclosed complaint and attached documents. The attached documents are each numbered in the lower right corner in compliance with local rules.

I apologize to the court for having to read my chicken scratch writing. I further apologize to the court for having to write on front and back of added pages. My correspondence supplies are extremely limited.

Lastly, Please take notice in my statement of claims:

(1) Notice of related cases
(2) Request that motion for transfer in Payne v. Almanza also be considered in this action
(3) Demand for jury trial
(4) Request for appointment of cansel

Respectfully

Toby K. Payne #1720023
Robertson Unit
12071 F.M. 3522
Abilene, TX 79601
Plaintiff, Pro se

